UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IH2 PROPERTY WASHINGTON, LP, | CASE NO. C13-5836 RJB |
| Plaintiff, | ORDER ON MOTION TO REMAND |
| v. | |
| DOREEN C. WYMORE, and individual GARY B. WYMORE, an individual, and their marital community thereof, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. 7. The Court has reviewed the relevant documents and the remainder of the file herein, and is fully advised.

In this motion for remand, Plaintiff, who purports to have purchased real property at issue in this case at a trustee's sale, seeks to remand this unlawful detainer action to Washington Superior Court. Dkt. 7. (Although the Plaintiff's motion requests remand to King County, Washington, the property is in Pierce County, Washington and the removal was from Pierce County Superior Court. The Court should construe the request to remand as one to Pierce

County.) Defendants, the former owner of the property, assert in their Notice of Removal from Pierce County Washington Superior Court, that this Court has federal question subject matter jurisdiction. Dkt. 1. The motion for remand should be granted and the case remanded to Pierce County Superior Court.

## I. FACTS

The following facts, based upon the submissions of the parties, are found for the purposes of this motion only:

On or about June 13, 2013, Plaintiff filed a Complaint for Forcible Detainer or Unlawful Detainer against Defendants and all other occupants of the property commonly known as 720 189th St. Ct. E. Spanaway, Washington in Pierce County Superior Court under cause number 13-2-12843-3. Dkts. 6 and 7-1. Defendants are alleged to be the former owners of the property. *Id.*

On September 23, 2013, Defendants removed the case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1. In the Notice of Removal, the Defendants state that, "the Notice to Quit upon which the civil action is based incorporates by reference federal law. . . Title VII of the Emergency Economic Stabilization 'Protecting Tenants at Foreclosure Act of 2009.'" Dkt. 1, at 2.

Plaintiff now moves the Court for an order of remand, arguing that the Court does not have subject matter jurisdiction. Dkt. 7.

## II. DISCUSSION

Under 28 U.S.C. § 1331: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint. The mere existence of a federal defense to a state law claim is insufficient to create

federal jurisdiction over a case." *U.S. v. City of Arcata*, 629 F.3d 986, 990 (9th Cir. 2010)(*internal citations omitted*).  Further, to protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand.  *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)).  Any doubt as to the right of removal must be resolved in favor of remand.  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  *Id.*

The Motion for Remand (Dkt. 7) should be granted, and the case should be remanded to Pierce County, Washington Superior Court.  There is no federal question presented in the Complaint.  Defendant's assertion that certain defenses may be raised pursuant to a federal statute does not create federal question subject matter jurisdiction for this Court.  *City of Arcata,* at 990.  Further, Defendant has not shown that this Court has diversity jurisdiction or in any other manner responded to the motion.  This case should be remanded to Pierce County, Washington Superior Court.

Plaintiff further seeks an award of attorney's fees and costs.  Dkt. 7.  An attorney's fees should not be awarded at this time.

### III.   ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's Motion to Remand (Dkt. 7) is **GRANTED**.
- This case is **REMANDED** to the Pierce County, Washington Superior Court; and
- Plaintiff's motion for an award of attorney's fees and costs (Dkt. 7) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of October, 2013.

Dated this 31st day of October, 2013.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO REMAND- 4